UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACOB ANGELO MASSEY,<br><br>       Petitioner,<br><br>  v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA, *et al.*,<br><br>       Respondents. | Case No. 3:24-cv-00385-MMD-CSD<br><br>ORDER |

On August 30, 2024, the Court screened Petitioner Jacob Angelo Massey's *pro se* habeas petition and ordered it served on Respondents; the Court also granted his motion for appointment of counsel. (ECF No. 3.) Appointed counsel—the Federal Public Defender for the District of Nevada ("FPD")—appeared on Massey's behalf on September 25, 2024. (ECF Nos. 8, 9.) With counsel, Massey has been directed to file an amended habeas petition by July 14, 2025. (*See* ECF Nos. 11, 21.)

On May 21, 2025, Massey, acting *pro se*, filed a document entitled "Motion for Consideration of [Counsel's] Behavior." (ECF No. 19 ("Motion").) In that Motion, Massey appears to complain about the performance of the FPD in investigating his case and preparing an amended habeas petition. (*Id.*) Attached to the Motion as exhibits is correspondence between Massey and the FPD. (*Id.*) The Court will set a schedule for the FPD to respond to the Motion, under seal, with service of a copy of the response on Petitioner, but not on Respondents.

In the meantime, the Court notes that in the Motion, Massey states that the FPD "told me that your honor erred by taking this case, and appointing them to represent me." (ECF No. 19 at 1.) That suggests a belief on Massey's part that in screening his *pro se* petition and ordering it served on Respondents, and in appointing the FPD to represent

him, the Court determined that he has asserted, or has available, one or more procedurally viable or meritorious claims. But that is inaccurate. In screening Massey's *pro se* petition under Rule 4 of the Rules Governing Section 2254 Cases, the Court determined only that it could not say from the petition that Massey is not entitled to relief. (ECF No. 3 at 1.) The Court granted Massey's motion for appointment of counsel, and appointed counsel for him, "in the interests of justice." (*Id*. at 2.) In short, the Court has *not* made any determination that Massey has asserted, or has available, any procedurally viable or meritorious claim.

It is therefore ordered that, no later than July 14, 2025, Petitioner's counsel must file, under seal, a response to Petitioner's *pro se* "Motion for Consideration of [Counsel's] Behavior" (ECF No. 19). Petitioner's counsel is further directed to serve a copy of that response on Petitioner, but not on Respondents.

The Clerk of Court is directed to update the docket to reflect Petitioner's current address. Petitioner's May 21, 2025, *pro se* filing (ECF No. 19) indicates that his current address is Jacob Massey, Inmate Number 2503546, Washoe County Detention Facility, 911 Parr Blvd., Reno, NV 89512.

The Clerk of Court is further directed to send a copy of this order to Petitioner at his current address.

DATED THIS 10th Day of June 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE