UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JACOB ANGELO MASSEY, | Case No. 3:24-cv-00385-MMD-CSD |
| Petitioner, | ORDER |
| v. | |
| ATTORNEY GENERAL OF THE STATE OF NEVADA, et al., | |
| Respondents. | |

In this habeas corpus action, on August 30, 2024, the Court screened Petitioner Jacob Angelo Massey's *pro se* habeas petition and ordered it served on Respondents; the Court also granted Petitioner's motion for appointment of counsel. (ECF No. 3.) Appointed counsel—the Federal Public Defender for the District of Nevada—appeared for Massey on September 25, 2024, and filed an amended petition for writ of habeas corpus on his behalf on June 24, 2025. (ECF Nos. 8, 9, 25.) On June 24, Massey also filed a Motion for Stay and Abeyance, requesting that this action be stayed while he litigates a state court habeas action. (ECF No. 23 ("Motion")[1].) For the reasons described below, the Court will grant the Motion and stay this action.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The Court stated that "stay and abeyance should be available only in limited circumstances," but held that a stay to allow exhaustion of state court remedies is appropriate where (1) the petitioner has good cause for the failure to exhaust state court remedies earlier; (2) the unexhausted claims are not plainly

---

[1] Respondents filed an opposition, and Massey replied. (ECF Nos. 26, 30.)

1  meritless; and (3) there is no indication that the petitioner engaged in "intentionally dilatory
2  litigation tactics." *Rhines*, 544 U.S. at 277-78.

3  Massey's amended habeas petition challenges his July 17, 2024, conviction in
4  Nevada's Ninth Judicial District Court (Douglas County) of felony failure to appear. (ECF
5  No. 25 at 2.) According to Massey, the Nevada Supreme Court affirmed that conviction,
6  on his direct appeal, on June 3, 2025. (*Id*. at 4.) Massey believes that under state law he
7  has until June 24, 2026, to file a state post-conviction habeas petition. (*Id*.) And Massey's
8  counsel states: "Mr. Massey has informed undersigned counsel that he has already
9  prepared and mailed his *pro se* state habeas petition to the Douglas County Clerk's
10 Office." (ECF No. 30 at 4.)

11 This federal habeas action may be characterized as premature, as Massey has a
12 state court remedy still available with respect to the conviction he challenges, namely a
13 state post-conviction habeas petition. It is possible that Massey could discover and
14 develop, in that state court proceeding, claims which could be asserted in this federal
15 habeas petition. It is also possible that the outcome of that state court proceeding could
16 affect, or even render moot, claims that Massey asserts in this case. Under these
17 circumstances, the stay Massey requests is clearly in the interests of judicial economy.

18 Moreover, the Court finds that the *Rhines* standard is satisfied. Given the status of
19 Massey's state court challenges—where his direct appeal was completed on June 3,
20 2025, and he only recently initiated a state court habeas action—good cause exists for
21 Massey not previously exhausting all claims challenging his felony failure to appear
22 conviction. There is no showing that any claim Massey may assert in his state court
23 habeas action is plainly meritless. And there is no showing that Massey has proceeded
24 in an intentionally dilatory manner.

25 The parties argue at some length about whether Ground 4 of Massey's amended
26 petition (ECF No. 25 at 17-27), which Massey acknowledges is unexhausted in state
27 court, is plainly meritless. (*See* ECF Nos. 26, 30.) Ground 4 asserts that Massey's felony
28 failure to appear conviction was unconstitutionally enhanced to a felony as a result of an

illegal conviction in 2020 in a felony domestic battery case; the earlier conviction, Massey contends, was obtained in violation of his federal constitutional rights. It appears that a central question raised in relation to that claim will be whether, under *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394 (2001), Massey will be able to challenge the constitutionality of the 2020 conviction in the context of the instant habeas corpus challenge. In *Lackawanna*, the Supreme Court held "that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Id.* at 403. However, the *Lackawanna* Court recognized several exceptions to that general rule. *Id.* at 404-06. Presumably, Massey will seek to exhaust the claim in Ground 4 in his state court habeas action. In that state court action, Massey will likely seek to develop the claim and perhaps attempt to show that an exception to the *Lackawanna* rule applies. It is appropriate for the state court to have the first opportunity to address the issues raised in Ground 4. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). At this point, it is sufficient for this Court to say that Ground 4 does not appear to be plainly meritless; the Court does not further address or comment upon the merits of that claim.

In short, this federal action is premature given that Massey is just beginning his state court habeas litigation and might develop claims in that proceeding which are not plainly meritless, and there is no showing that he has proceeded in a dilatory manner. A *Rhines* stay is thus warranted.

It is therefore ordered that Petitioner's Motion for Stay and Abeyance (ECF No. 23) is granted. This action is stayed while Petitioner litigates his state court habeas action.

The Clerk of the Court is further directed to administratively close this case.

It is further ordered that following the conclusion of Petitioner's state court proceedings, Petitioner must, within 30 days, make a motion to lift the stay of this action.

It is further ordered that this action will be subject to dismissal if Petitioner does not comply with the time limits in this Order, or if he otherwise fails to proceed with diligence during the stay imposed by this Order.

DATED THIS 25th Day of July 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE